IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sadie H. Robinson, | ) | Civil Action No.: 3:17-cv-01578-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Wateree Community Actions, Inc, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 17, 2017, Plaintiff filed a Complaint against American United Life Insurance Company ("AUL")[1] and Wateree Community Actions, Inc. ("Wateree") in the Court of Common Pleas for the County of Sumter. (ECF No. 1-1 at 3-9.) AUL removed the case to this court on the basis of federal question subject matter jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (ECF No. 1 at 2 ¶¶ 7-8.) This case was also removed on the basis that this court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e).[2] (*Id.* at ¶ 10.) On May 30, 2017, Plaintiff allegedly served Wateree with the Summons and Complaint by certified mail, but Wateree did not respond. (ECF No. 9-1 at 1 ¶ 4.) On June 27, 2017, Plaintiff filed a Request for Entry of Default against Wateree (ECF No. 6), and the Clerk of Court ("Clerk") filed an Entry of Default (ECF No. 8) on June 28, 2017. Once the Clerk filed the Entry of Default, Plaintiff filed a Motion for Default

---

[1] Plaintiff voluntarily dismissed AUL from the case on September 22, 2017. (*See* ECF No. 26.)

[2] Pursuant to 29 U.S.C. § 1132(a)(1)(B), "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. § 1132(e).

Judgment against Wateree (ECF No. 9) on the same day. Also on June 28, 2017, Wateree entered a written appearance (ECF No. 10) and filed a Response to Plaintiff's Motion for Default Judgment (ECF No. 11).

Wateree asserts that "the court does not have jurisdiction to enter default in this case" because the court's personal jurisdiction over it has not been established. (ECF No. 11 at 1.) Wateree asserts that Plaintiff did not serve it in compliance with S.C. R. Civ. P. 4(d)(8) as no "return receipt" was requested and delivery was not restricted to the addressee. (*Id.* at 2-3.) Lastly, Wateree asserts that Nubiana, who signed the "green card" for delivery of the Summons and Complaint, was not authorized to accept service for Annette Tucker, Wateree's Executive Director, and to whom service was addressed. (*Id.* at 3.)

Before the court is Plaintiff's Motion for Default Judgment (ECF No. 9), and for the reasons set forth below, the court **DENIES** Plaintiff's Motion.

## I. LEGAL STANDARD

S.C. R. Civ. P. 4(c) states that "[s]ervice of summons may be made by the sheriff, his deputy, or by any other person not less than eighteen (18) years of age, not an attorney in or a party to the action." If a corporation is being served in-person, then pursuant to S.C. R. Civ. P. 4(d)(3), "service shall be made . . . by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." A corporation can also be served by certified or registered mail, but when service is made, a return receipt must be requested and delivery must be restricted to the addressee. S.C. R. Civ. P. 4(d)(8). The plaintiff is also able to serve a defendant, when service is by certified mail, unlike in-person service. *Id.* "Service is effective

upon the date of delivery as shown on the return receipt." *Id.* "Service pursuant to [ ] paragraph [(d)(8)] shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant." *Id.*

## II. ANALYSIS

Plaintiff's lawyers served Wateree by certified mail, thus there were two (2) requirements for service; (1) a return receipt must be requested, and (2) delivery must be restricted to the addressee. S.C. R. Civ. P. 4(d)(8). Plaintiff's Certificate of Service (ECF No. 1-2) includes an undated copy of the Return Receipt for rendering service, and is signed by someone named "Nubiana."[3] The Return Receipt shows that service was addressed to "Wateree Community Actions, Inc.," specifically to Annette Tucker ("Tucker"), but she did not sign for service of process. (ECF No. 1-2.) The court also notes that next to Nubiana's signature, the boxes for "agent" or "addressee" were not checked, and there is no evidence presented to confirm that Nubiana had the authority to receive service of process on behalf of Tucker. (*See* ECF No. 11 at 3.)

Plaintiff has the burden to establish that service of process was correctly made and that the court has personal jurisdiction over Defendant. *See Jensen v. Doe*, 358 S.E.2d 148, 148 (S.C. Ct. App. 1987). "[Service of process pursuant to] S.C. R. Civ. P. 4 serves at least two (2) purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action." *Roche v. Young Bros. of Florence*, 456 S.E.2d 897, 899 (S.C. 1995).[4]

---

[3] The court assumes this is the "green card" that Wateree refers to. The court notes that in the bottom right corner of this document is the title "Domestic Return Receipt."

[4] Exacting compliance with the rules is not required to effect service of process. Rather, inquiry must be made as to "whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Id.*

Plaintiff's only evidence of proper service is the undated Return Receipt that is not signed by Annette Tucker, the addressee. (*See* ECF No. 1-2.) Plaintiff does not provide any evidence that Nubiana had the authority to receive service of process; thus, Plaintiff has not established that Annette Tucker or an authorized agent of Wateree received proper notice or service. *See Jensen*, 358 S.E.2d at 148. Moreover, pursuant to S.C. R. Civ. P. 4(d)(8), without a date on the return receipt, the court is unable to determine the date of effective service. (*See* ECF No. 1-2.) Plaintiff's service of process was not compliant with S.C. R. Civ. P. 4(d)(8), thus, the court's personal jurisdiction over Wateree has not been established and the court cannot enter a judgment for default against it.

### III. CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's Motion for Default Judgment against Wateree (ECF No. 9).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 5, 2018
Columbia, South Carolina