# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Sadie H. Robinson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| American United Life Insurance Company and Wateree Community Actions, Inc., | ) ) ) ) | Civil Action No.: 3:17-cv-01578-JMC |
| | ) | |
| Defendants, | ) | |
| ──────────────────────────── | ) | |
| | ) | |
| Wateree Community Actions, Inc., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| James L. Coleman, | ) | |
| | ) | |
| Third Party Defendant. | ) | |
| ──────────────────────────── | ) | |

This matter is before the court on Third Party Defendant James L. Coleman's ("Coleman") Motion to Dismiss Third Party Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), and the *Younger* and *Colorado River* abstention doctrines (ECF No. 25). Third Party Plaintiff Wateree Community Actions, Inc. ("Wateree") did not file a response to Coleman's Motion. For the reasons set forth below, the court **GRANTS** Coleman's Motion to Dismiss Third Party Complaint (ECF No. 25).

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This matter was filed on June 16, 2017, in South Carolina state court, against Wateree and American United Life Insurance Company ("United Life Insurance") on behalf of Plaintiff Sadie

1

H. Robinson, alleging violations of the Employment Retirement Income Security Act ("ERISA"). On June 16, 2017, United Life Insurance filed a Notice of Removal. (ECF No. 1.) On July 7, 2017, Wateree filed its Answer to the Complaint, which included a Third Party Complaint against Coleman, asserting causes of action for breach of contract, breach of contract accompanied by fraudulent acts, and breach of fiduciary duty. (ECF No. 18.) In its Third Party Complaint, Wateree further asserts a demand for actual damages in the amount of one million two hundred thousand dollars ($1,200,000.00). (*Id*.)

Previously, on March 8, 2016, Coleman filed a complaint against Wateree in South Carolina state court alleging that Wateree violated the South Carolina Payment of Wages Act.[1] (ECF No. 25-2.) On April 19, 2016, Wateree filed its Answer to Coleman's complaint, which included counterclaims against Coleman. (ECF No. 25-3.) Wateree's counterclaims assert the identical facts and damages that Wateree asserted in its Third Party Complaint filed in this matter. (*Id*.; *see also* ECF No. 18.) Wateree's counterclaims in Coleman's state action assert that Coleman breached its employment contract with Wateree and its Board of Directors and that Coleman allegedly committed deceitful and fraudulent acts which caused Wateree actual financial damages in the amount of $1,200,000.00. (*See* ECF No. 25-2.) Coleman's case against Wateree continues to remain on the active jury docket in Richland County.

---

[1] "As a general rule, a 12(b)(1) motion cannot be converted into a motion for summary judgment under Rule 56." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). "[A] court may resort to material outside the pleadings in passing on a motion under Rule 12(b)(1)." *Mims v. Kemp*, 516 F.2d 21, 23 (4th Cir. 1975); *Williams v. U.S.*, 50 F.3d 299, 304 (4th Cir. 1995). In considering motions to dismiss including those under Rule 12(b)(6), courts may consider "documents incorporated in the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal courts may take judicial notice of state court proceedings: "we note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins.* v. *Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be found. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). In evaluating a defendant's challenge to subject matter jurisdiction, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citations omitted).

## III. ANALYSIS

### A. *The Younger Abstention Doctrine*

The Supreme Court has recognized several doctrines under which a federal court must abstain from hearing a case over which it would otherwise have jurisdiction. In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the United States Supreme Court established that abstention is mandated in the criminal context if a state's interest in the proceedings are so important that the exercise of federal judicial power would disregard the comity between the states and the federal government.

In a subsequent opinion, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10 (1987), *Younger* was extended to civil actions. *Younger* "is fully applicable to noncriminal judicial proceedings when important state interests are involved." *Martin Marietta Corp. v Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm. v. Garden St. Bar Assn*, 457 U.S. 423, 432 (1982)).

*Younger* abstention is appropriate when: "(1) there is an ongoing state judicial proceeding, (2) that implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Res. Mgmt Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing *Middlesex*, 457 U.S. 432).

The ongoing state judicial action implicates important state interests because the present Third Party Complaint could be a challenge or attack on a judgment rendered by one of South Carolina's circuit courts. This attack on "state court judgments cuts to the state's ability to operate its own judicial system, a vital interest for *Younger* purposes." *Harper v. Pub. Serv. Comm'n of W.VA.*, 396 F.3d 348, 352 (4th Cir. 2005); *see, e.g., Pennzoil*, 481 U.S. at 12-13. Wateree has an adequate opportunity to present all of its claims asserted in their Third Party Complaint against Coleman in state court as they have done in their counterclaims against Coleman in the state court matter. The issues of breach of contract, breach of contract accompanied by fraudulent acts, and breach of fiduciary duty are squarely presented by Wateree's own counterclaims in the state court proceeding. Further, there are no federal claims asserted in Wateree's state court counterclaims or its federal court Third Party Complaint.

B. *The Colorado River Abstention Doctrine*

*Colorado River* allows the court discretion to stay or dismiss a suit in exceptional and limited circumstances where there is a substantially similar suit pending in state court. *Colo. River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818-20 (1976). Under *Colorado River*, a federal court may abstain in the interest of wise judicial administration when concurrent state and federal suits are parallel. *Id.* at 817. The state and federal suits do not have to be identical to be parallel, but they must involve substantially the same parties and substantially the same claims. *AAR Int'l, Inc. v. Nimelias Enters, S.A.*, 250 F.3d 510, 517-20 (7th Cir. 2001). Further,

courts may only abstain where the state proceeding will dispose of all claims presented in the federal suit, even if those claims could have been raised in a state suit. *TruServe Corp. v. Fiegles, Inc.*, 419 F.3d 585, 591-93 (7th Cir. 2005). In other words, *Colorado River* abstention is invoked with the expectation that the state court proceeding will resolve the controversy.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction.'" *Colo. River Water Conservation Dist.*, 424 U.S. 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Nevertheless, there are times when a federal court should abstain from hearing a case based upon "principles [that] rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). These "circumstances, though exceptional, do nevertheless exist." *Id.* at 818.

Under *Colorado River*, a federal court is to evaluate six factors to determine whether "exceptional circumstances" exist warranting abstention based on wise administration of judicial resources:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207-08 (4th Cir. 2006). The Supreme Court has "declined to prescribe a hard and fast rule" to determine whether *Colorado River* abstention is appropriate. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15 (1983); *Gannet Co. Inc. v. Clark Constr. Group*, 286 F.3d 737, 744 (4th Cir. 2002). *Colorado River* abstention is

available where there are "parallel" state and federal proceedings. This factor, as with the other *Colorado River* factors, "is to be applied in a pragmatic, flexible manner with a view to realities of the case at hand." *Moses H. Cone Mem'l. Hosp.*, 460 U.S. at 21.

*C. Parallel Proceedings*

The state court proceedings and the Third Party Complaint in this federal proceeding are identical and certainly parallel. The parties in the Third Party Complaint are identical to those in the state court proceeding, with the exception of the two individual named defendants, Donald Gist and Annette Tucker. In both the state and federal proceedings, Wateree asserts causes of action for breach of contract, breach of contract accompanied with fraudulent acts, and breach of fiduciary duty related to allegations related to Coleman's employment with Wateree as its Chief Executive Officer. In fact, the actual language and wording of Wateree's counterclaims and Third Party Complaint, including the demand for actual damages in the amount of $1,200,000.00, are nearly identical to each other.

Therefore, it is clear that the Third Party Complaint in these proceedings are parallel to the state court counterclaims asserted by Wateree because they involve "substantially the same parties" litigating "substantially the same issues." The parties and issues do not need to be identical for the proceedings to be considered parallel. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992); *AAR Int'l, Inc. v.*, 250 F.3d at 518 (7th Cir. 2001) ("The mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel.") Otherwise, "only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties." *Ambrosia Coal v. Hector Carlos Pages Morales*, 368 F.3d 1320, 1329-30 (11th Cir. 2004). "The question is not whether the suits

6

are formally symmetrical, but whether there is a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" *AAR Int'l. Inc.*, 250 F.3d at 518 (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir. 1988)).

*D. Colorado River Factors*

Since the federal Third Party Complaint proceedings are parallel to the state proceedings, the court must evaluate whether, in light of the *Colorado River* factors, the court should "dismiss the case if 'the determinative issues will unfailingly be resolved within the parameters of the state-court litigation … as no further action by the district court is anticipated.'" *Sto Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182, 189 (4th Cir. 2001) (quoting *Cox v. Planning Dist. I Cmty. Mental Health & Mental Retardation Servs. Bd.*, 669 F.2d 940, 943 (4th Cir. 1982)).

With the exception of the "inconvenience" factor (both the federal and state courts are located in the Columbia, South Carolina area), all of the applicable *Colorado River* factors support the dismissal of the Third Party Complaint in this matter. The desirability to avoid piecemeal litigation supports the dismissal of the Third Party Complaint in this matter. The factual allegations of the state court counterclaims and the Third Party Complaint in the federal matter are nearly identical. Further, the case remains on the active jury docket in Richland County. For Coleman to have to re-litigate the same causes of action in the federal matter during an appeal of a state court verdict would create piecemeal and redundant litigation.

Additionally, the posture of the state court case favors abstention in this matter. The ongoing state judicial action commenced approximately a year and 3 months before the filing of this action and Wateree's Third Party Complaint. The state court matter was filed on March 8, 2016. Wateree filed its answer and counterclaims on April 19, 2016. Both Coleman and Wateree have served and answered discovery requests. There has been no substantial progress

7

in the matter before this court, as the parties have not moved beyond the pleadings stage.

Moreover, South Carolina law, not federal law, provides the rule of decision on the breach of contract and fiduciary duty issues. Wateree does not allege any federal claims in its state court counterclaims or its federal court Third Party Complaint. Given the applicability of state law, the state court is more than adequately equipped to protect the rights of Wateree on all of its causes of action asserted in its Third Party Complaint.

Accordingly, exceptional circumstances exist in this matter to allow for abstention and dismissal of Wateree's Third Party Complaint under the *Younger* and *Colorado River* doctrines. Judicial economy requires the dismissal of the Third Party Complaint to allow for the adjudication of the identical causes of action filed in state court.

## IV. CONCLUSION

Based on the foregoing, the court **GRANTS** Coleman's Motion to Dismiss Third Party Complaint (ECF No. 25).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 2, 2018
Columbia, South Carolina